**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
DAVID L. LANGHAIM, ESQ.
Nevada Bar No. 12425
dlanghaim@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
  *Attorneys for Plaintiff KYLE ZABELNY*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KYLE ZABELNY, an individual AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> CASHCALL, INC., a foreign corporation, DOES I through X; and ROE Corporations I through X, inclusive, <br><br> Defendants. | Case No.: 2:13-cv-00853-GMN-PAL <br><br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR NOTICE OF NEW AUTHORITY** |

Plaintiff KYLE ZABELNY, et al., by and through his counsel of record, Cogburn Law Offices, respectfully moves this Court for leave to file a Sur-Reply in opposition to Defendant's CASHCALL, INC. Motion for Notice of New Authority ("Notice of New Authority"). Zabelny seeks leave to file this Sur-Reply to merely distinguish in less than five pages the "new authority" Defendant cites and show it does not apply in Fair Labor Standards Act cases such as Zabelny's.

This Motion is made and based on the papers and pleadings on file herein, the documents attached hereto, the memorandum of points and authorities attached, and the arguments of counsel, if any, at the time of hearing this matter.

/ / /

/ / /

COGBURN LAW OFFICES
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616  FAX: (702) 943-1936

COGBURN LAW OFFICES
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION & REQUEST FOR RELIEF**

Defendant recently filed a "Notice of New Authority", in which it cited the United States Supreme Court's recent decision in American Express (CITE), which resolved the issue of whether two businesses that had contracted for business-to-business services, could be compelled to arbitrate their claims pursuant to the Federal Arbitration Act. Defendant cites this decision to bolster its arguments Zabelny's claims under the Fair Labor Standards Act, must be compelled to arbitration by the FAA. Zabelny believes that inference from American Express is incorrect. Zabelny therefore simply requests leave to file a five page sur-reply quickly distinguishing American Express from this employment-based dispute.

**II.**

**ARGUMENT**

With regard to motions filed with this Court, the Local Rules provide only for a memorandum in opposition and a reply brief. Nev. EDCR 2.20. However, a court may consider new evidence introduced in a reply brief if the non-movant is given an adequate opportunity to respond. *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 745-46 (E.D. La. 2012); *Simmons v. T-Mobile USA, Inc.*, CIVA H-06-1820, 2006 WL 3447684 (S.D. Tex. 2006); *See Vais Arms, Inc. v. Vais,* 383 F.3d 287, 292 (5th Cir.2004) (citing *Seay v. Tenn. Valley Auth.,* 339 F.3d 454, 481-482 (6th Cir.2003); *Booking v. Gen. Star Mgmt. Co.,* 254 F.3d 414, 418 (2d Cir.2001); *Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1164 (10th Cir.1998)). "A surreply allows the nonmoving party on a motion for summary judgment to respond to new evidence and new legal arguments raised for the first time in the moving party's reply brief." *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 860 (Colo. App. 2007) (citing *Green v. New Mexico,* 420 F.3d 1189, 1197 (10th Cir.2005); *Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1164 (10th Cir.1998).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COGBURN LAW OFFICES
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936In this case, principles of balance and fairness weigh in favor of permitting Plaintiff to file a succinct sur-reply brief because Defendant's attempt to use the recent American Express decision to bolster its arguments that arbitration must be compelled is legally incorrect under the present facts. Zabelny therefore requests leave to file a five page sur-reply that merely distinguishes American Express from this FLSA dispute.

### III.

### CONCLUSION & REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for leave to file a Sur-Reply of no more than five (5) pages in length.

DATED this 8th day of July, 2013.

Respectfully Submitted By:

**COGBURN LAW OFFICES**

By:  /s/ Andrew L. Rempfer, Esq.
ANDREW L. REMPFER, ESQ.
DAVID L. LANGHAIM, ESQ.
*Attorneys for Plaintiff*

### ORDER

**IT IS ORDERED** that Plaintiff's Motion to file a Sur-Reply (Dkt. #28) is **GRANTED**.

DATED this 11th day of July, 2013.

Peggy A. Leen
United States Magistrate Judge

Page 3 of 4