1  Malani L. Kotchka
   Nevada Bar No. 283
2  mkotchka@lionelsawyer.com
   LIONEL SAWYER & COLLINS
3  300 South 4th Street, Suite 1700
   Las Vegas, NV  89101
4  Telephone: (702) 383-8888
   Facsimile: (702) 383-8845
5
   Esra A. Hudson (Pro Hac Vice)
6  California Bar No. 202881
   ehudson@manatt.com
7  Justin C. Johnson (Pro Hac Vice)
   California Bar No. 252175
8  jjohnson@manatt.com
   MANATT, PHELPS AND PHILLIPS, LLP
9  11355 West Olympic Boulevard
   Los Angeles, CA  90064
10 Telephone: (310) 312-4381
   Facsimile:  (310) 914-5744
11
   Attorneys for Defendant
12 CASHCALL, INC.

13

14

15                    UNITED STATES DISTRICT COURT

16                        DISTRICT OF NEVADA

17 KYLE ZABELNY, an individual AND ON            )
   BEHALF OF ALL OTHERS SIMILARLY                )  Case No.  2:13-cv-00853-GMN-PAL
18 SITUATED,                                     )
                                                 )  **DEFENDANT'S REQUEST TO FILE
19              Plaintiffs,                      )  A RESPONSE TO PLAINTIFF'S SUR-
                                                 )  REPLY IN SUPPORT OF ITS
20      vs.                                      )  MOTION TO COMPEL
                                                 )  ARBITRATION; PROPOSED ORDER
21 CASHCALL, INC., a foreign corporation,        )  THEREON**
   DOES I through X; and ROE Corporations I      )
22 through X, inclusive,                         )
                                                 )
23              Defendants.                      )

24

25

26

27

28
Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

On June 24, 2013, Defendant CashCall, Inc. ("CashCall") filed a Notice of New Authority attaching the opinion in *American Express Co. v. Italian Colors Restaurant*, 2013 U.S. LEXIS 4700 ("*American Express*") (Doc 24), which was issued after the briefing was completed on CashCall's Motion to Compel Arbitration (Doc 6). In two paragraphs, the Notice of New Authority simply recited the holding in *American Express* without any argument or application to the facts of this case. On July 12, 2013, the Court granted Plaintiff's request to file a Sur-Reply to address the *American Express* case. (Doc 30). On July 23, 2013, Plaintiff filed his five-page Sur-Reply. (Doc 31.) By this motion, CashCall respectfully requests leave to file a response to Plaintiff's Sur-Reply, that will not exceed five pages, within five days of any Court order granting such leave.

Such leave is appropriate in the interest of fairness, and pursuant to local rules that afford the moving party the right to submit the final briefing on motions. Specifically, CashCall has not yet had the opportunity to address *American Express's* implications to the facts of this case. Rather, CashCall merely filed the Notice of New Authority that did not contain any argument or analysis. CashCall intentionally filed a non-argumentative notice out of fairness and in an attempt to foreclose further briefing. However, now that Plaintiff has been afforded the opportunity to address the implications of this new authority to the circumstances of this case, CashCall should be afforded the like opportunity.

Such a result comports with Local Rule 7-2, which affords the moving party the opportunity to submit the final briefing on a motion. Authorizing CashCall to file a brief response to Plaintiff's Sur-Reply will restore the briefing order contemplated by Local Rule 7-2.

In addition, Plaintiff has expanded the opportunity granted by the Court to file a Sur-Reply for the limited purpose of addressing *American Express*, to argue separate and distinct points based on new authority that neither party had previously cited. For example, in a *non-sequitur* to distinguishing *American Express*, Plaintiff devotes a substantial portion of the Sur-Reply to reargue that the FLSA creates non-waivable statutory rights, and cites numerous cases that Plaintiff did not previously cite in his Opposition brief to support this argument. *See* Doc 31 at 3:24-5:7. Permitting Plaintiff to interject new argument and authority in support of his

Opposition under the guise of a Sur-Reply that was granted for the narrow purpose of permitting Plaintiff to address the *American Express* case, when such authority was available when Plaintiff filed his Opposition, would afford Plaintiff an undue advantage to CashCall's prejudice.

For all of the foregoing reasons, CashCall respectfully requests the opportunity to file a brief response to Plaintiff's Sur-Reply. If the Court grants such relief, CashCall will file its response, not to exceed five pages, within five days of the Court's order.

Respectfully submitted,

LIONEL SAWYER & COLLINS

By:    /s/ Malani L. Kotchka
Malani L. Kotchka
300 South Fourth Street, Suite 1700
Las Vegas, Nevada 89101

Esra A. Hudson
Justin C. Johnson
MANATT, PHELPS AND PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA  80064

Attorneys for Defendant

**ORDER**

**IT IS SO ORDERED** that Defendant's Motion to File a Response to Plaintiff's Sur-Reply (Dkt. #33) is **GRANTED**.

Dated this 47vj "fc{"qh"Lwn{."4235

Peggy A. Leen
United States Magistrate Judge

309642924.1